R. D. MARTIN, Appellee, v. FIDELITY INSURANCE COMPANY,
Appellant.

Insurance:   CHANGE OF INTEREST:   JUDGMENT AND TAX LIENS:   HOME-
STEAD:   WAIVER:   JURY QUESTIONS.   In a suit to recover a
loss under a policy providing that it shall be void in case any
person other than the assured shall acquire any interest in the
property, it was conceded that a judgment existed against the
assured but he claimed the property exempt as a homestead and
not affected thereby, and the evidence disclosed delinquent taxes
with a dispute as to the knowledge of the company of that
fact; *held*, that under the record the homestead character of
the property and the company's knowledge of the delinquent
taxes were questions of fact for the jury.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

TUESDAY, FEBRUARY 10, 1903.

ACTION at law upon a fire insurance policy.   At the
close of all the evidence in the case, defendant's motion to
direct a verdict in its favor was sustained, and a verdict
was returned accordingly.   Thereafter plaintiff made a
motion to set the verdict aside, and for a new trial, which
motion was sustained, and a new trial ordered. · Defend-
ant appeals.—*Affirmed.*

*Mc Vey, McVey & Graham* for appellant.

*Read & Read* and *T. L. Sellers* for appellee.

BISHOP, C. J.—One provision of the policy in suit is that the same shall be void "if any other person than the insured now have, or shall hereafter acquire, any interest in or lien on the property hereby insured, or any part thereof." The defendant seeks to avoid the policy on the ground that at the time the same was issued the property insured was burdened with the lien of a judgment, and also by delinquent taxes and a tax sale, from which redemption had never been made. Other defenses are set up, but are not material to be considered here. Upon the trial, proof was made by defendant of an unsatisfied judgment for costs, amounting to $8, rendered against this plaintiff by the district court of Polk county; the date thereof being long prior to that of the policy in suit. It appears that an action had been commenced by plaintiff in said court, which action was subsequently dismissed before trial, and the costs taxed to him. Proof was also made by defendant of the fact that the taxes on the property insured had not been paid for several years; that the same had become delinquent, and for the taxes of one year the property had gone to tax sale.

Upon the trial it was conceded that defendant was not advised of the existence of said judgment. As to the delinquent taxes, however, it was contended by plaintiff that notice thereof was given defendant when the policy was applied for, and evidence to support such contention was introduced upon the trial. Evidence was also introduced on the part of defendant tending to show that it had no knowledge whatever in respect of the unpaid taxes, and the lien thereof on the property. The motion to direct a verdict was based on the facts of such judgment and such tax liens, and, as to such, was sustained

generally. In the motion for new trial it was insisted that the court erred in ruling that the judgment was a lien upon the property in question, and, further, in ruling that the existence of such judgment would be sufficient, in any event, to avoid the policy; also that the policy should not be avoided by reason of the unpaid taxes and tax sale, inasmuch as the defendant had full knowledge thereof, and waived the same.

It is conceded in argument that judgment liens are clearly within the meaning of the policy provision which we have quoted above. But it was contended in the court below, and is again asserted here, by counsel for appellee, that the judgment in question was not a lien upon the insured property, by reason of the fact that such property was the homestead of appellee. Evidence was introduced tending to show that the property had formerly been occupied as a home by appellee and his family; that thereafter it was occupied by a tenant, appellee having leased a farm in the country, and temporarily removed thereto; that at the time of the fire the property was being put in repair, and appellee was preparing to again occupy the same as a home. We think a question for the jury was thus made, and for that reason the case should have been submitted for a verdict.

In respect of the question of the tax liens, we think it sufficient to say that there was evidence tending to show that the matter of unpaid taxes was fully explained to the defendant before the policy was issued. It is not denied but that if defendant was advised of the conditions existing, and notwithstanding the same, chose to issue the policy, it cannot now be heard in complaint. The facts as to notice and knowledge were in dispute, and plaintiff had the right to have the same submitted to the jury.

We conclude that there was no abuse of discretion in granting a new trial.—AFFIRMED.